UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRISTOL INVESTMENT FUND, LTD.,<br><br>                              Plaintiff,<br><br>                               -*v.*-<br><br>DERMATA THERAPEUTICS, INC.,<br><br>                               Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Bristol Investment Fund, Ltd. ("Bristol"), by its attorneys, submits this Complaint against defendant Dermata Therapeutics, Inc. ("Dermata," or the "Company"), and respectfully alleges, upon knowledge as to its own acts and information as to the acts of others, as follows:

Parties

1.    Plaintiff Bristol Investment Fund, Ltd. is a company formed under the laws of the Cayman Islands with its principal place of business in George Town, Cayman Islands.

2.    Defendant Dermata Therapeutics, Inc. is a Delaware corporation with its principal place of business in San Diego, California. Dermata is a late-stage medical dermatology company that focuses on commercializing pharmaceutical product candidates for the treatment of medical skin diseases and aesthetic applications. Defendant's shares of common stock trade on the NASDAQ market under the symbol "DRMA."

Jurisdiction

3.    This Court has subject matter jurisdiction over Plaintiff's claims in this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship as between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and

costs. Plaintiff is a citizen of the Cayman Islands and Defendant is a Delaware corporation headquartered in California.

### Forum and Venue

4. Defendant has consented to jurisdiction in New York. Pursuant to Section 5.9 of the Securities Purchase Agreement, the parties have "irrevocably" submitted to the "exclusive jurisdiction of the state and federal courts sitting in the City of New York, Borough of Manhattan."

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c)(2).

### Factual Background

6. Plaintiff Bristol purchased 147,059 shares of Dermata common stock on December 23, 2025 pursuant to a Securities Purchase Agreement with Dermata bearing that date. The shares bore restrictive legends on issuance and could not be sold in the public markets. Simultaneous with the Securities Purchase Agreement, Dermata and Bristol also executed a Registration Rights Agreement (the "RRA") requiring Dermata to take steps to promptly register the shares, so that Bristol could sell them in the public markets. Section 2(a) of the RRA assured Bristol that it would be able to sell the shares at the earliest possible opportunity. It provides, "The Company shall telephonically request effectiveness of a Registration Statement as of 5:00 p.m. (New York City time) on a Trading Day. The Company shall *immediately* notify the Holders via e-mail of the effectiveness of a Registration Statement on the same Trading Day that the Company telephonically confirms effectiveness with the Commission, which shall be the date requested for effectiveness of such Registration Statement." (emphasis added.).

7. The Registration Statement for plaintiff's Dermata shares was declared effective on January 29, 2026, with 5:00 pm as the time of effectiveness. Dermata, however, failed to notify Plaintiff that SEC had granted effectiveness. On the morning of January 30, Dermata shares traded in the range of $2.81 to $2.64. Plaintiff did not sell, however, because it was unaware that the

13145171-1

Registration Statement had been declared effective. Plaintiff reasonably relied on Dermata to fulfill its obligations under the RRA.

8.   Plaintiff did not learn that its shares were registered until February 2, 2026, by which time Dermata shares had declined substantially. Plaintiff promptly liquidated its position, suffering a loss in excess of $160,000 compared to the values on the morning of January 30.

### First Cause of Action: Breach of Contract

9.   Plaintiff restates the allegations in paragraphs 1–8 above.

10.  Plaintiff has fully performed its obligations under the SPA and RRA. As set forth above, Dermata breached the RRA by failing to provide immediate notice of the effectiveness of the registration statement for Plaintiff's shares.

11.  As a direct, proximate and foreseeable result of defendant's breach, Plaintiff has suffered losses in an amount estimated to be at least $160,000, exclusive of interest.

12.  Under Section 5.9 of the Securities Purchase Agreement, Bristol is also entitled to recover its attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

    a.   On the first claim for relief, awarding Plaintiff damages in an amount estimated to be at least $160,000, plus interest and attorney fees.

    b.   Granting such other and further relief as the Court deems just and proper.

Dated: February 13, 2026
New York, New York

                        OLSHAN FROME WOLOSKY LLP

By: */s/ Thomas J. Fleming*
     Thomas J. Fleming
     *Attorneys for Plaintiff*
     1325 Avenue of the Americas
     New York, New York 10019
     (212) 451-2300
     tfleming@olshanlaw.com
     dstone@olshanlaw.com

13145171-1